## Riley *v.* Pierce.

*Bill in Equity for Foreclosure of Mortgage.*

*Mortgage of lands belonging to wife's statutory separate estate, to secure loan of purchase-money; resulting trust.* — If a married woman borrows money to pay for land, and takes the title in her own name; and afterwards, without the concurrence of her husband, executes her promissory note to the lender for the sum borrowed, and a mortgage on the land to secure its payment, — the note and mortgage are both void, and create no liability against her personally, or against her statutory separate estate; nor can the mortgagee claim a resulting trust in the lands, because his money was loaned for the purpose of being used in making the purchase, and was so used.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. A. W. DILLARD.

B. LABUZAN and HERNDON & SMITH, for appellant.

ALEX. MCKINSTRY, *contra.*

B. F. SAFFOLD, J. — The bill was filed by the appellee, and alleged that the appellant, Ellen Riley, being at the time his brother's wife, borrowed from him $600, with which she purchased a piece of land, taking the title to herself in her maiden name of Bressingham; and that, on the day of the execution of the deed to her, she executed to the complainant her promissory note for the money so borrowed, and also a mortgage of the premises to secure its payment. The prayer was for the foreclosure of the mortgage, and for such other and further relief as was proper in the premises.

The mortgage appended to the bill is dated twelve months after the date of the conveyance of seizin, and so is the note it was intended to secure. The defendant pleaded her coverture, as the wife of Patrick Pierce, throughout the transactions. The chancellor, conceding that the note and mortgage of a married

[Riley *v.* Pierce.]

woman impose no liability upon her in respect to her separate statutory estate, established a resulting trust against the land, in favor of the complainant, and decreed its sale ; and this decree is now assigned as error.

It appears from the evidence, that the price of the land was $1200, and that Mrs. Riley paid the balance, besides the debt in suit, out of money otherwise belonging to her ; also, that the complainant loaned her his money at the time she bought the land, but did not require the note and the mortgage until a year afterwards.

A trust, attaching to land, results in favor of one who pays his money for it, while the title is given to the person from whom he borrowed it. His right is to have the land, because the purchase was intended for him. But if he cannot refund the borrowed money, the land is to be sold for its payment. If the complainant had taken the title in his name, this case would be exactly similar to *Boyd* v. *McLean*, 1 Johns. Ch. R. 582 ; and a trust would have resulted in favor of Mrs. Riley. The money paid for the land, though borrowed from the complainant, and for the express purpose of making the purchase, would be considered her money and not his. In *Botsford* v. *Burr*, 2 Johns. Ch. R. 405, the defendant refused to lend the plaintiff money to pay off a mortgage on his land, but purchased the land at a sale under the mortgage, taking the deed in his own name, and paying his own money. He did this with the assent of the plaintiff, on his verbal promise to convey the land to him, if he would refund the money, with interest and costs, within a specified time. It was held that no trust was created in favor of the plaintiff, because the agreement was not in writing ; and none resulted to him, because he had paid no money.

Section 1590 of the Revised Code declares, that " no trust concerning lands, except such as results by implication or construction of law, or which may be transferred or extinguished by operation of law, can be created, unless by instrument in writing, signed by the party creating or declaring the same, or his agent or attorney lawfully authorized thereto in writing." There was no writing in this case. As the money paid must be deemed to have been that of Mrs. Riley, no trust can result to the complainant, unless it arises in every case where the borrower of money applies it to the purchase of property. The right of the nominal purchaser, in whose name the title is taken, to retain the title, until whatever money he loaned the real purchaser to make the purchase with is refunded, is certainly not a lien or trust by operation of law. It is absolute title and ownership, acquired by the deed, subject to the trust in favor of the other party. If the money used by Mrs. Riley

in making the purchase was hers, then, as the deed was made to her, no trust resulted to the complainant. *Botsford* v. *Burr*, *supra.* If the admitted loan to her did not render it her money, but it remained the property of the complainant, the decision in *Boyd* v. *McLean*, *supra*, was wrong; for Chancellor Kent said, " The only inquiry is, whether there is not convincing and satisfactory proof of the *loan* to the plaintiffs, and, consequently, the payment of the consideration in the deed *with their moneys.*"

No trust results in favor of the surety of a vendee, who has been compelled to pay the money, because the money of the real, and not the nominal purchaser, must form at the *time* the consideration of the purchase, and become converted into the land. *Foster* v. *Trustees Athenæum*, 3 Ala. 302. Much stronger is the case against one who lends the money, because, with the exception of the time, the other necessary elements of the trust are wanting. The purchase is not made for his benefit, or with his money. He is merely a simple contract creditor. *Smith's Ex'r* v. *Garth*, 32 Ala. 368; *Hatton* v. *Landman*, 28 Ala. 127; *Turney's Adm'r* v. *Morrow*, 26 Ala. 339.

As the coverture of Mrs. Riley at the time of her execution of the promissory note and the mortgage sought to be foreclosed is conceded, they impose no obligation on her personally, or on her separate estate; her husband not having joined with her, and the debt not being one chargeable upon her estate by the statute. R. C. §§ 2373, 2376; *Wilkinson* v. *Cheatham*, 45 Ala. 337.

The decree is reversed, and the cause remanded.