[Long, Admr. v. King.]

# Long, Admr. v. King.

*Bill in Equity for the Establishment of a Trust in Lands.*

1. *Trust; bill for establishment thereof.*—When a trust is sought to be established and engrafted upon a conveyance, absolute in its terms, the complainant must, by his bill, distinctly and precisely aver the facts from which it is claimed to arise, and, when necessary, rebut by appropriate allegations, any presumption against the trust, which may arise from the facts relied on.

2. *Resulting trust; when arises.*—To create a technical resulting trust, such as arises by implication of law when the purchase money of land is advanced or paid by one person and the title taken in the name of another, the money must be paid at the time of the purchase.

3. *Constructive trust; when arises; principal and agent.*—When an agent employs the money or property of his principal in the purchase of lands, without the knowledge or consent of the latter, taking the title in his own name, or in the name of a third person, he may, at the election of the principal, be made personally liable, or the money may be followed into the land and a lien asserted on the land for the reimbursement of the principal, or a trust of the legal estate will result by implication of law; and it is immaterial in such case whether the money of the principal was used at the time of or subsequent to the purchase.

4. *Same; same.*—To constitute a constructive trust *in invitum*, such as the law will enforce when an agent employs the money of his principal in the purchase of lands. without the knowledge or consent of the latter and takes title in his own name, it is essential that either the use of the principal's money for this purpose, or the taking of title by the agent in his own name should be unauthorized or fraudulent.

5. *Same; when not shown to exist.*—Where, after the agent has purchased lands with the principal's money and has taken title in his own name, the principal ratifies and confirms such transactions, such ratification has the effect of a previous authorization for such purchase, and a constructive trust in such land will not arise in favor of the principal; there being no want of authority on the part of the agent to make the purchase, nor fraudulent use of the principal's money, the existence of one of which is essential to the creation of a constructive trust.

6. *Same; same; case at bar.*—On a bill filed to establish a resulting trust in land, where it is averred that the defendant, while acting as

[Long, Admr. v. King.]

complainant's confidential agent and manager of his mercantile business, having the exclusive control thereof, keeping the books, selling goods, collecting accounts, &c., received conveyances in his own name of several tracts of land, which he had bought and paid for with money, goods, notes and accounts belonging to the complainant, and it is then further averred that the complainant has ratified and confirmed all of such transactions and released the several grantors therein from all responsibility, but there are no averments in the bill to show whether the several purchases of land were with or without the consent of the principal; or whether the use of the money and property in payment of the land was a wrongful and fraudulent misappropriation of the same, or whether the purchase money was paid before, at the time of, or after the execution and delivery of the deed, there is shown to exist in favor of the defendant neither a resulting trust nor a constructive trust, and such bill is demurrable.

7.　*Same; resulting trust founded on presumed intention, and not raised between parent and child.*—A resulting trust, which in equity arises in favor of one who pays the purchase money of land, the title to which is taken in another, is founded upon presumptive intention and is designed to carry that intention into effect; and where a parent furnishes the purchase money and the title to the land is taken in the name of his child, the law will not presume a trust on the legal estate in favor of the parent, but there arises a presumption in such case of the intention on the parent's part to make an advancement to the child.

8.　*Same; same; sufficiency of averment in bill.*—On a bill filed to establish a resulting trust in land, where it is averred that the defendant, who is a son of the complainant, while acting as the agent and general manager of his father's business, purchased several tracts of land, taking the title in his own name, though paying for them with plaintiff's money, goods or accounts, such averments are not sufficient to negative the presumption that the father intended to make advancement to the son; the presumption being, not that he was acting as the agent of his father in the particular transactions, but simply that the several purchases were made and the deeds received during the period while he was acting as such agent.

9.　*Same; trust not affected by death of trustee.*—The principle that a lien created by operation of law, as distinguished from one created by contract, is dissolved by the death of the party against whose property it is asserted and the declaration of the insolvency of his estate, has application only to such liens as arise by operation of law for the enforcement of mere legal claims which are debts against the estate, and has no effect whatever upon the right to assert in a court of equity an equitable title to property, the legal title to which was in the decedent in his life time, nor upon the right to have an equitable lien declared and enforced against such property.

10.　*Same; statute of limitations.*—The right to have established a resulting trust in lands arising from the payment of the purchase

money thereof is not barred by the statute of limitations of six years; and the fact that the *cestui que trust* may elect to have the lands sold for his reimbursement does not make the statute applicable.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellee against the appellants; and sought to have a trust declared in certain tracts of land. The facts of the case, as averred in the bill, are sufficiently stated in the opinion. The defendant demurred to the bill upon the following grounds: 1. Because the bill fails to allege that the several payments made for the land were made before or at the time of the execution of the several conveyances. 2. Because the said bill fails to show that any of the said payments were made by John W. King, deceased, at the time of the purchase. 3. Because the said bill shows that the said estate was duly declared insolvent before complainants filed said bill to establish an implied lien in the said lands, and, therefore, the lien of complainant is dissolved. 4. Because the said bill shows that the said alleged purchase money payments were all made between the years of 1882 and 1891. And the bill was not filed seeking to establish an implied lien on the land until after the estate of said John W. King was duly declared insolvent by the judge of Walker county. 5. Because the said bill shows that the creditors of the estate of the said John W. King have a lien upon all the lands belonging to said estate including the lands in Schedule "A" attached to complainant's bill by reason of the order of the insolvency of the estate of said John W. King, deceased, by the probate court of Walker county. And fails to show any notice to the creditors of the claim of complainant. 6. Because the said conveyances were made to the son of complainant, and not sufficient facts are alleged to overcome the presumption that it was intended as an advancement by complainant. 7. Because the facts alleged in said bill show that complainant is now estopped from enforcing said trust. 8. Because the said bill shows laches on the part of the complainant in this, a large part of said land was purchased by the said John W. King, deceased, more than six years before the filing of said bill, and the said bill fails to show any excuse for not bringing

suit long ago. 9. Because the said bill seeks to establish a resulting trust in lands and shows that the payment for the tract of land numbered 3 in Schedule "A" is barred by the statute of limitations of six years. 10. Because the bill shows that the administrator has taken possession of the lands in which a trust is sought to be established, and a decree of insolvency in said administration has been rendered by the probate court of Walker county, Alabama. 11. Because the bill shows that the property in which a trust is sought to be established has been by the decree of the probate court of Walker county, made a specific fund for the payment of the debts of the estate of John W. King, deceased, before the filing of the bill in this cause.

Upon the submission of the cause on the demurrers, the chancellor rendered a decree overruling them. From this decree the defendants appeal, and assign the rendition thereof as error.

COLEMAN & BANKHEAD, for appellants.—1. If the case is one of a resulting trust pure and simple, as distinguished from an investment of the trust funds by a trustee, the first ground of demurrer was well taken, because in cases of resulting trust pure and simple the money of the *cestui qui trust* must be used in payment for the property before, or at the time of the purchase.—*Lehman v. Lewis,* 62 Ala. 129 ; *Whaley v. Whaley,* 71 Ala. 159 ; *Preston v. McMillan,* 58 Ala. 84 ; *Tilford v. Torrey,* 53 Ala. 120.

2. The whole theory of a resulting trust, or of the equity of the *cestui qui trust* to follow trust funds into real estate or other property, arises out of the circumstances, that the trust funds at the time of the purchase, formed its consideration.—*Tilford v. Torrey,* 53 Ala. 122 ; *Preston v. McMillan,* 58 Ala. 84 ; *Whaley v. Whaley,* 71 Ala. 159.·

3. .Again, the ratification of a contract when fairly made, will have the same effect as an original authority to bind the principal not only in regard to the agent himself, but in respect to third persons.—*Clealand v. Walker,* 11 Ala. 1058 ; *Reynolds v. Dothard,* 11 Ala. 531 ; *Wood v. McCain,* 7 Ala. 800 ; *Blevins v. Pope,* 7 Ala. 371.

4. The fifth ground of demurrer should have been sustained. If the facts stated in the bill creates any

[Long, Admr. v. King.]

lien it is a lien created by implication of law. There is a distinction between a lien created by law and a lien created by contract. The former is dissolved by the death of the defendant and the insolvency of his estate. *McKinney v. Benagh*, 48 Ala. 358 ; *McEachin v. Reid*, 40 Ala. 410 ; *Hole v. Cummings*, 3 Ala. 398 ; *McDonald v. Morrison*, 50 Ala. 30.

5. The eighth ground of demurrer should have been sustained. There is nothing in the bill which negatives the idea of an advancement by the parent to the son. In the absence of such averment, the purchase will be deemed an advancement so as to rebut the presumption of a trust in favor of the parent.—*Butler v. M. Ins. Co.*, 14 Ala. 788 ; *Harden v. Darwin*, 56 Ala. 62 ; *Hatton v. Landman*, 28 Ala. 135.

APPLING & McGUIRE, *contra*.—The averments of the bill were sufficient to give it equity.—*Preston v. McMillan*, 58 Ala. 84 ; *Firestone v. Firestone*, 49 Ala. 128 ; *Lehman v. Lewis*, 62 Ala. 129.

"When a purchase of land is made through an agent, who takes title to himself, a trust will result to the principal ; or if a trustee employs the funds of a *cestui que trust*, or an agent, the money of the principal in the purchase of lands, the *cestui que trust* or principal may elect to hold the agent or trustee personally liable, or to follow the money into the land, or a trust of the legal estate will be declared by implication of law."—*Milner v. Stanford*, 102 Ala. 277 ; *Rucker v. Milner*, 112 Ala. 360 ; *Bibb v. Hunter*, 79 Ala. 351.

The decree of insolvency did not create a specific lien on the assets of the insolvent estate for the benefit of creditors superior to the resulting trust, which this bill seeks to enforce.—*Davis v. Swanson*, 54 Ala. 277 ; *George v. George*, 67 Ala. 194 ; *McDonald v. Morrison*, 50 Ala. 30 ; *McKinney v. Benagh*, 48 Ala. 358 ; *Warten v. Matthews*, 80 Ala. 451 ; *Thames v. Herbert*, 61 Ala. 340.

The statute of limitations of six years had no application to this case.—*Thompson v. Hartline*, 105 Ala. 267.

BRICKELL, C. J.—This appeal is taken from a decretal order overruling a demurrer to a bill of complaint filed by appellee on June 30, 1896, to have a trust declared in his favor in a large number of tracts

of land, which are alleged to have been purchased at various times between the years of 1883 and 1891 by John W. King, a son of complainant, with money, notes, goods and accounts belonging to complainant. The said John W. King died intestate previously to the institution of the suit, and his estate had been duly declared insolvent, and the administrator, the heirs at law and distributees, and the creditors of the estate are made parties defendant to the bill.

When a trust is sought to be established and engrafted upon a conveyance, absolute in its terms, the complainant must by his bill distinctly and precisely aver the facts from which it is claimed to arise, and, when necessary, rebut by appropriate allegations any presumptions against the trust which may arise from the facts relied on. We are of the opinion the facts averred in the bill are totally insufficient to show any equity in the lands, or to create any trust therein, in favor of complainant. The only facts averred out of which it is claimed the trust arises, are, in substance, that John W. King,. while acting as complainant's confidential· agent and manager of his mercantile business, having exclusive control of the business, keeping the books, selling goods, collecting accounts, etc., received conveyances in his own name of the several tracts of land, which he had bought and paid for with money, goods, notes and accounts belonging to complainant. It is further averred that "complainant has elected to ratify and confirm, and does now ratify and confirm each and every one of said transactions referred · to and described in said Schedule A ; and he releases the several grantors therein mentioned from all responsibility to him in any manner whatever with reference to said transactions ;" schedule A. being a list of the several purchases of land made by the son, the dates thereof, the consideration paid, and the names of the grantors. These facts create neither a technical resulting trust, such as arises by implication of law when the purchase money of land is paid or advanced by one person, and the title is taken in the name of another, nor a constructive trust *in invitum*, such as the law will enforce when a trustee or agent misappropriates and invests in lands the funds of his *cestui que trust* or principal. When an agent employs the money or property of his principal in the purchase of lands,

without the knowledge or consent of the latter, taking
the title in his own name, or in the name of a third
person, at the election of the principal he may be made
personally liable, or the money may be followed into the
land, and a lien asserted on the land for the reimburse-
ment of the principal, or a trust of the legal estate will
result by implication of law.—*Lehman v. Lewis*, 62 Ala.
129 ; *Preston v. McMillan*, 58 Ala. 84.   Such trust origin-
ates in the right to pursue a trust fund through its
various transmutations into a new investment made in
violation of the duties of the trustee, and it is imma-
terial, in such cases, whether the money of the principal
was used at the time of or before the purchase, or sub-
sequently thereto.   It is, however, essential to the crea-
tion of a trust of this character that either the use of
the principal's money for this purpose, or the taking of
title by the agent in his own name, be unauthorized or
fraudulent.— *Whaley v. Whaley*, 71 Ala. 159.   If the
principal authorizes the transaction, or subsequently
ratifies and adopts it, the incidents of the trust, and the
facts necessary in law to create it, do not differ in any
respect from those of a simple resulting trust.   There
are no averments in the bill tending directly to show
whether the several purchases of land by the son, and
the taking of title in his own name, were with or without
the knowledge and consent of his father ; or whether
the use by the son of his father's money and property
in payment of the purchase money was, or not, a
wrongful and fraudulent misappropriation of the same ;
or whether the purchase money paid for the lands was
paid before, at the time of, or after the execution and
delivery of the deeds.   For aught that appears in the
bill to the contrary, the complainant may have author-
ized the purchase of the lands, the use of his money in
payment therefor, and the taking of title in his son's
name ; or his son may have purchased the lands on
credit on his own account and in his own name, and
afterwards used complainant's money, with his consent,
to pay the purchase money when it became due.   But
whether complainant authorized the transactions or not,
the bill distinctly avers that he ratified and confirmed
each and every purchase of land made by his son, and
the ratification is reiterated in the bill with knowledge
of all the facts alleged therein.   The ratification by a

principal of the unauthorized act of his agent relates back to the time of the performance of the act, and has the effect of a previous authorization of it, the principal thereby assuming all responsibility for the act, and relieving the agent from any liability.—*Wood v. McCain*, 7 Ala. 800; *Clealand v. Walker*, 11 Ala. 1058. Doubtless the averment referred to was not intended to have this effect, but it is susceptible of this construction, and must be so construed in considering the demurrer. It is manifest, therefore, that the case made by the bill is not that of a misappropriation by an agent of the funds of his principal and their investment in other property. It is equally clear that the facts alleged do not create a simple technical resulting trust. Such a trust has its origin solely in the facts that the purchase money of land is paid, or advanced by one person at the time of the purchase, and the title is taken in the name of another. It is founded on the presumption that he who pays the purchase money intends to become the owner of the land, and therefore presupposes the authorized use of the money of him who asserts the trust, and is implied independently of any fraud, or of any fiduciary relation between the person who pays the money and him in whose name the title is taken, although the mere existence of such relation will not prevent the implication of such a trust. But the presumption of such intent does not arise unless the purchase money was paid before or at the time of the purchase, and hence it is universally held that the trust must have been coeval with the deeds and result from the original transaction, or it can not exist at all. If the payment is not made before or at the time of the purchase, no equity is conferred upon him whose money is used to have a trust of this character declared in his favor.—*Preston v. McMillan*, 58 Ala. 84; *Lehman v. Lewis*, 62 Ala. 129; *Whaley v. Whaley*, 71 Ala. 159; *Tilford v. Torrey*, 53 Ala. 120. As we have seen, the bill does not allege that the purchase money was paid before or at the time of the several purchases, and is therefore defective as a bill to have a technical resulting trust declared.

An exception to the rule that the law will presume a trust on the legal estate in favor of one who pays the purchase money of land, the title to which is taken in the name of another, exists where a parent or husband

furnishes the purchase money, and the title is taken in the name of his child or wife. In such case the presumption of intention, to become the owner of the property arising from the payment of the purchase money, is rebutted by the stronger counter presumption of an intention to make an advancement to the child or wife. Hence the presumption of such a trust does not arise from the mere fact that the purchase money is supplied by the parent, and the conveyance is taken in the name of a son.—*Hatton v. Landman*, 28 Ala. 135. When, therefore, such relationship between the parties is shown by the averments of the bill, the presumption arising therefrom must be clearly rebutted by appropriate allegations. In the bill under consideration this presumption of an advancement is not rebutted by a supposed averment that in the purchase of the several tracts of land the son was acting as the agent of his father. The averment is, not that he was acting as the agent of his father in these particular transactions, but simply that the several purchases were made and the deeds received during the period while he was acting as the agent and general manager of his father's business.

The principle that a lien created by operation of law, as distinguished from one created by contract, is dissolved by the death of the person against whose property it is asserted, and the declaration of the insolvency of his estate, has application to only such liens as arise by operation of law for the enforcement of merely legal claims which are debts against the estate. The effect of a decree of insolvency is merely to determine the status of the estate, and to transfer to the probate court the exclusive jurisdiction of all legal claims against the estate, to be adjusted for the equal benefit of all the creditors. It has no effect whatever upon the right to assert in a court of equity an equitable title to property, the legal title to which was in the decedent in his lifetime, and to show that in equity and good conscience the property is not, in fact, a part of the assets of the estate; nor upon his right, where the facts authorize it, to have an equitable lien declared and enforced against such property for his reimbursement.

Trusts of the character sought to be established by the bill are not barred by the statute of limitations of six years. When a trustee or agent misappropriates

[Jackson *et al.* v. Wilson.]

trust funds and invests them in lands, the *cestui que trust* or principal may elect to call for a conveyance of the land to himself, or to have it sold for his reimbursement, and the fact that he elects the latter, does not make this statute applicable.—*Thompson v. Hartline*, 105 Ala. 267. The statute of limitations of ten years is sometimes applicable, where there has been for such a length of time a positive denial of the trust, or adverse possession of the land, and no fraudulent concealment, but this ground of objection is not specified in the demurrer, and the averments of the bill do not show the facts necessary to make this statute applicable.

The demurrers to the bill were well taken and should have been sustained; the decree overruling them must be reversed and the cause remanded for further proceedings in conformity to this opinion.

Reversed and remanded.