142 So.2d 883

Thomas Fred NOLAND et ux.

v.

Mae E. SANDERS.

3 Div. 909.

Supreme Court of Alabama.

June 21, 1962.

John R. Matthews, Jr., and R. L. Farnell, Montgomery, for appellants.

**460**

Warren S. Reese, Jr., Montgomery, for appellee.

GOODWYN, Justice.

This is an appeal by the respondents below from a decree of the circuit court of Montgomery County, in equity, overruling their demurrer to appellee's bill of complaint. The appeal was taken prior to passage of Act No. 72, appvd. Sept. 15, 1961, Laws 1961, Sp.Sess., p. 1947, amending § 755, Tit. 7, Code 1940, and providing that a decree overruling or sustaining a demurrer to a bill or cross-bill in equity is not appealable.

As we understand the bill, its purpose is to have a resulting trust in certain lands declared in favor of complainant. The point made by the demurrer, as argued here, is that the bill affirmatively shows that the relationship between the parties is that of debtor and creditor, from which no trust results in favor of appellee, the creditor.

The material allegations of the bill are as follows:

"3. That the Respondents had tried to secure a loan by way of a first mortgage for the whole amount or a second mortgage for part of the necessary amount to purchase a lot from one I. D. Martin on which he was to thereafter build a house for the said respondents: that the respondents were unable to secure such loan in the amount necessary to purchase the lot and have the house built thereon, and, as a result, the said I. D. Martin refused to transfer said property to the Respondents or start with the building of the house thereon: that in desperation the Respondents appealed to the then husband of the Complainant and Complainant to get them to advance the said Respondents the down or part payment of $6,000, which advance was made jointly by Complainant and her then husband, James L. Rhodes, and said Respondents turned the said $6,000 over to the owner of the lot, I. D. Martin, who also was a contractor, and the said property was transferred to the Respondents on, to-wit, April, 1955, by reason of said payment.

"Complainant and her then husband, James L. Rhodes, went to considerable expense in raising said money, to-wit, $350.00, which was agreed was to be a part of the indebtedness.

"4. Complainant further alleges that the $6,000 was a down or part payment for the property as herein alleged and that together with the mortgage taken on same constituted in full the purchase price of said property and that money for the same has never been re-paid to the Complainant and that the same is therefore due and unpaid.

"5. Neither the Complainant nor her then husband, James L. Rhodes, were versed in business as she had never had

any business experience and he was a professional baseball player, having been engaged in baseball all his adult life and never having been in business, hence the loose manner in which the same was handled."

"7. Complainant further alleges that a resulting trust arose on said lands, viz, (describes property known as 4162 Camelia Drive), in favor of said parties advancing the purchase money for said property or part of the same to the extent of the money so advanced and that the share of James L. Rhodes in the same has been transferred to your Complainant, as set out above, and therefore, title to said lands vests in said Complainant by virtue of said resulting trust in said property to secure said indebtedness."

"9. Complainant alleges that by reason of such resulting trust that she is entitled to have a decision of this court that the title to said property vests in her to secure the payment of the money so advanced, viz, $6,000, including expenses, interest from December, 1954, and a reasonable attorney's fee and said payment shall be made immediately or within such time as the court may deem proper and, failing therein, that the court order the property sold for the payment of that part of the purchase money so advanced, as set out therein."

The prayer of the bill is for a resulting trust and "that the respondents be ordered to pay such money immediately, or within such time as the court may deem proper, or, failing therein, that the court order the property sold for the payment of that part of the purchase money so advanced, as set out therein."

A pleading, when assailed on demurrer, must be construed most strongly against the pleader. Atkins v. Wallace, Ala., 137 So.2d 750;[1] Martin v. Cannon, 196 Ala. 151, 71 So. 996. So construing the instant bill, we are at the conclusion that it discloses an ordinary debtor and creditor relationship between the parties—a loan of money from appellee and her husband to appellants—which will not give equity to the bill so as to authorize a resulting trust in favor of appellee. As said in Whaley v. Whaley, 71 Ala. 159, 162:

"It is * * * indisputable law, that if one person advance the purchase-money of property, by way of a *loan*, to the vendee, and conveyance of title is made to the latter, no trust will result in favor of the one who thus advances the money. The very fact of a *loan* contradicts and rebuts the implication of a trust which might otherwise be presumptively raised by law. 1 Perry on Trusts, § 133; Six v. Shaner, 26 Md. 415; Lehman v. Lewis, 62 Ala. 129; Gibson v. Foote, 40 Miss. 788; Chapman v. Abrahams, 61 Ala. 108."

See, also, Riley v. Pierce, 50 Ala. 93, 95; Restatement of the Law Second, Trusts 2d, Vol. 2, § 445, p. 407; 54 Am.Jur., Trusts, § 209, p. 163; 89 C.J.S. Trusts § 123 b., p. 979.

The decree overruling the demurrer is reversed and the cause is remanded for entering by the trial court of a decree sustaining the demurrer.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.

[1]. Ante, p. 210.