306 So.2d 568 (1975)
Wilda H. BRADHAM, Appellant,
v.
HAYES ENTERPRISES, INC., Appellee.
No. T-398.
District Court of Appeal of Florida, First District.
January 23, 1975.
*569 John W. Hamilton, of Ware, Osborne, Hamilton & Woodruff, St. Petersburg, A.Z. Adkins, Jr., Gainesville, and Woodie A. Liles of Hobbs, DeLaParte & Liles, Tampa, for appellant.
James S. Quincey and Charles G. Felder of Clayton, Duncan, Johnston, Clayton, Quincey, Ireland & Felder, Gainesville, for appellee.
BOYER, Acting Chief Judge.
Appellant filed a complaint alleging, inter alia, that appellant's father and brother contacted her, advising that they were desirous of purchasing a certain tract of real estate which would require an initial binder payment of $3,000 and that if she would provide, or have an acquaintance provide, such sum then appellant "would become the fee simple owner of a 1/2 interest" in said property: "And that the plaintiff did, in fact, induce one Jean R. Conlin, to loan and who thereupon did loan the sum *570 of $3,000 that enabled the initial binder to be made on the purchase of said real estate"; that appellant's said brother and father did thereafter, unbeknownst to appellant, cause appellee corporation to be formed, appellant's brother being the sole stockholder thereof; that the property was in fact acquired, but in the name of the corporation without the knowledge of appellant; both the brother and father repeatedly acknowledged that appellant owned an undivided 1/2 interest in said property and promised to execute appropriate documents reflecting such interest but that no such documents were ever executed and both the brother and father are now deceased. The prayer of the complaint sought various relief, including a request that the court "impress a trust upon the property held by" appellee.
Appellee filed an answer admitting formation of the corporation, that title to the subject property was held in the name of the corporation, that appellant's brother and father were deceased, that all of the shares of the stock in the corporation were issued to appellant's brother, but denied the other material allegations of the complaint. There was no specific reference in appellee's answer to the $3,000 binder payment referred to in the complaint.
Appellee filed a motion for judgment on the pleadings. When that motion came on for hearing plaintiff, appellant here, requested permission to file an amended complaint, alleging that her cause of action could be more specifically pleaded. The trial court thereupon entered an order entitled "Order Dismissing Complaint." In that order appears the following recitation:
"This cause having come on to be heard upon defendant's motion for judgment on the pleadings, pursuant to Rule 1.40 1.140] (c), Florida Rules of Civil Procedure, and the Court having heard argument of counsel and having examined the pleadings herein finds that the motion is well taken. However, since this cause is in equity and counsel for the plaintiff has expressed a desire and ability to file an amended complaint herein, it is
"ORDERED as follows:
"1. The motion of the defendant for judgment on the pleadings is hereby granted. However, plaintiff is given leave to refile or amend within eight days from the date of the entry of this order."
At a subsequent hearing on the defendants' (appellees') motion for rehearing, the trial court entered an "Amended Order of Dismissal" by which it vacated its prior order of dismissal giving leave to amend, granted the motion for judgment on the pleadings and recited that "the Court has marked as Plaintiff's Exhibits A and B for identification the Amended Complaint and Amended Notice of Lis Pendens attempted to be filed herein. The Court has not examined the contents of those pleadings in the consideration of an entry of this Order."
Appellant urges on this appeal that the trial court erred in granting the motion for judgment on the pleadings and in refusing to permit appellant an opportunity to file an amended complaint. We agree and reverse.
We first observe that the trial court erred in the entry of an order of dismissal when ruling upon a motion for judgment on the pleadings. A motion to dismiss and a motion for judgment on the pleadings are not the same and are not governed by the same rules of procedure. (Davis v. Davis, Fla.App. 1st 1960, 123 So.2d 377) A motion for judgment on the pleadings must be determined on the pleadings. (For a thorough discussion on the meaning of the term "pleadings" see Metcalf v. Langston, Fla.App. 1st 1974, 296 So.2d 81, cert. den., Sup.Ct.Fla. 1974, 302 So.2d 414) The purpose of the motion for judgment on the pleadings is to permit a trial judge to examine the allegations of the bare pleadings and determine whether there are any issues of fact based thereon. *571 If the bare pleadings reveal that there are no facts to be resolved by a trier of facts then the trial judge is authorized to enter a judgment based upon the uncontroverted facts appearing from the pleadings as applied to the applicable law. Needless to say, if the pleadings reveal issues of fact then a judgment on the pleadings may not be properly entered.
The primary difference between a motion for judgment on the pleadings and a motion for summary judgment is that in determining the propriety of the entry of a judgment on the pleadings the trial judge may not look beyond the pleadings themselves. On the other hand, in considering a motion for summary judgment the trial judge may properly consider requests for admissions, interrogatories and answers thereto, depositions, affidavits and any other documents permitted to be considered by the rule.
Sub judice it is apparent from the record before us that the trial judge construed the recitation in the complaint "that the plaintiff did, in fact, induce one Jean R. Conlin, to loan and who thereupon did loan the sum of $3,000 that enabled the initial binder to be made on the purchase of said real estate" to mean that Jean R. Conlin did loan said sum to appellant's father and brother or to appellee. However, there is nothing in the record to support that construction. In fact, the tendered amended complaint, which is a part of the record on appeal, alleged that the $3,000 was paid to appellant's father by appellant herself "out of her own funds"; and the deposition of appellant, which is also a part of the record on appeal, reflects that the $3,000 was lent by Jean R. Conlin to appellant at 10% interest and that appellant repaid the loan plus interest.
Interpreting the allegations of the complaint to mean that appellant induced Conlin to lend $3,000 to appellant to enable appellant to deliver the $3,000 to appellant's father as an initial binder on the subject real estate, rather than in the manner that it was apparently interpreted by the trial judge, clearly results in the complaint, though certainly not a model pleading, being sufficient to state a cause of action for a resulting trust and perhaps even a constructive trust. (See 54 Am.Jur., Trusts, Sections 188, 218-336; 33 Fla.Jur., Trusts, Sections 53, 55 and 68; Williams v. Grogan, Sup.Ct.Fla. 1958, 100 So.2d 407; Parramore v. Hampton, 1908, 55 Fla. 672, 45 So. 992; Rosenthal v. Largo Land Company, 1941, 146 Fla. 81, 200 So. 233 and Noland v. Sanders, 1962, 273 Ala. 459, 142 So.2d 883) In any event, it is apparent that there were issues of material fact which were not resolved by the pleadings, therefore a judgment on the pleadings was improper.
We next consider appellant's contention that the trial court erred in refusing to permit the filing of an amended complaint. In this regard it is of importance that appellant's counsel asked for permission to file an amended complaint prior to the entry of the initial judgment on the pleadings. (Which was designated an order of dismissal.)
It is well settled that great liberality should be allowed whenever a party seeks to amend his pleadings and leave should be freely given when justice so requires, (1.190(a), RCP, 25 Fla.Jur., Pleadings, § 102) and we have repeatedly so held. (Dawson v. Blue Cross Association, Fla.App. 1st 1974, 293 So.2d 90 and Thomas v. Rollins, Fla.App. 1st 1974, 298 So.2d 186) It has even been held that a motion for leave to amend which was filed after entry of a judgment on the pleadings should have been granted. (Baird v. The Continental Insurance Company, Fla.App. 4th 1970, 237 So.2d 206) (See also Sea Shore Motel Corp. v. Fireman's Fund Insurance Company, Fla.App. 4th 1970, 233 So.2d 651 and Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., Fla.App. 1st 1959, 108 So.2d 641)
Sub judice appellant's attorney recognized early that his complaint was subject *572 to improvement and should have properly been in at least two counts. He sought permission to amend prior to entry of the order appealed from and thereafter demonstrated his ability to make material amendments by tendering an amended complaint which was refused.
The entry of the order of dismissal was error, the granting of the motion for judgment on the pleadings was error and the refusal to permit the plaintiff to amend her complaint was error.
Reversed.
McCORD, J., and DREW, E. HARRIS (Ret.), Associate Judge, concur.