# Martin v. Cannon, et al.

### Partition.

(Decided May 18, 1916.  71 South. 996.)

1. **Pleading; Construction; Demurrer.**—When attacked by demurrer a pleading is construed most strongly against the pleader.

2. **Partition; Bill; Requisite.**—A bill for the sale of realty and a distribution of the proceeds, which alleges that respondent owned an undivided three-fourths interest, and that the three complainants owned a one-fourth interest, but not averring the respective interests of complainants, was defective as the court could not know how to distribue the proceeds, as no intendment could be indulged that they owned the one-quarter interest equally.

APPEAL from Cullman Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by A. W. Cannon and others, against W. G. Martin, for the sale of real estate and the distribution of proceeds. Decree for complainants overruling demurrer to the bill and respondent appeals. Reversed, decree rendered sustaining the demurrer, and the cause remanded with leave to amend.

F. E. St. JOHN, for appellant.  A. A. GRIFFITH, for appellee.

ANDERSON, C. J.— (1, 2) The bill in this case seeks a sale of certain real estate and a distribution of the proceeds between the owners thereof. The bill alleges that the respondent owns an undivided three-fourths interest in the land, and that the

three complainants own a one-fourth interest in said land. The bill does not aver, however, the respective interests of the complainants in and to the said undivided one-fourth interest, and, from aught that appears, their respective interests may be different and unequal, and pleading, when assailed upon demurrer, must be construed more strongly against the pleader, and this identical point was made by ground 4 of the respondent's demurrer. From the averments of this bill, the court would not know how to distribute the proceeds of the sale as between the three complainants, as it does not show that they own equally the undivided one-fourth interest, and inferences and intendments that they do cannot be indulged in considering a demurrer to the bill. The case of *Hillens v. Brinsfield*, 108 Ala. 605, 18 South. 604, cited and relied upon by counsel in support of the sufficiency of the bill does hold that section 5205 of the Code of 1907, as to the contents of a petition for the division or partition of land in kind, does not apply to proceedings under subsequent sections for the sale of land for division, but we think that said case holds and directs that a petition or bill for a sale for distribution must set forth the respective interests of the owners of the land. We quote from the opinion:

"In all judicial proceedings, the essential facts constituting the cause of action must appear, in a way that an issue can be formed upon them, and so that the court can proceed, in an intelligent manner, to observe and enforce the rights of the parties. When we read and analyze the several provisions of the several sections of this system, we see plainly that no case would be stated upon which the court could intelligently act, which failed to show that there was a joint or common property, and what that property was; that there were joint or common owners thereof, who they were, and *their respective interests therein.*"

Again it was said in said opinion:

"We must not, however, be understood as holding that the statutory system for the sale of property for distribution, as embodied in sections 3253 to 3259, inclusive, supra, does not require the petition for a sale to set forth a proper description of the property to be sold, and to make the joint tenants, or tenants in common, parties thereto, *showing their respective interests in the property.*" (Italics supplied.)

We think that good pleading requires that the petition or bill should set forth the interest of each joint owner, and not leave it

[House, et al. v. Davis, et al.]

to conjecture or inference, which the present bill fails to do, and which said infirmity was pointed out by the respondent's demurrer, and the chancery court erred in overruling said demurrer.

The decree of the chancery court is reversed, and one is here rendered sustaining the demurrer, and the cause is remanded, and the complainants are given 30 days within which to amend said bill.

Reversed, rendered, and remanded.

MCCLELLAN, SAYRE, and GARDNER, JJ., concur.