(85 South. 431)

**POLLARD et al. v. JACKSON et al.**
(5 Div. 731.)

(Supreme Court of Alabama. Jan. 22, 1920.)

**1. Appeal and error ⬚389—Married woman making affidavit need not give security on appeal.**

Where married woman made affidavit in accordance with Code 1907, § 2879, as amended by Acts 1915, p. 715, they were properly allowed to appeal without giving security for costs.

**2. Courts ⬚202(5) — Guardian ad litem may appeal without giving security.**

The guardian ad litem of infants who were parties to a proceeding in the probate court for the partition of land may, under Code 1907, § 2866, appeal without giving security for costs.

**3. Appeal and error ⬚80(5) — Decision of probate court confirming sale for partition appealable.**

A decision of the probate court confirming a sale of land sought for partition purposes is appealable.

**4. Partition ⬚41—Probate court cannot decree partition of lands in adjacent county.**

Under Code 1907, § 5222, providing that property held by tenants in common may be

decreed to be sold by the probate court of the county in which the property is situated, or, in case the land lies partly in different counties, of either of such counties, when the land cannot be equitably divided or partitioned, and in view of sections 5203, 5204, 5212, the probate court of the county in which a parcel of land is located cannot direct the sale of a separate tract in another county at some distance from that in the county in which the court sat, and a decree confirming a sale of both parcels under such circumstances is invalid.

**5. Partition ⬚55(2)—Petition uncertain as to proper disposition of fund objectionable.**

Where the petition for partition had been several times amended, and confusion appeared as to the exact interest owned by each party, so that there was uncertainty as to the proper disposition of funds, it was subject to demurrer on that ground, but such uncertainty would not render it void on its face.

**6. Partition ⬚106—On proceedings to confirm sale jurisdiction of court may be questioned.**

On proceedings to confirm a sale of land for partition, the objection that the court did not have jurisdiction to order a sale of all of the land, part being located in another county, may be raised.

Appeal from Probate Court, Tallapoosa County; W. G. Carelton, Judge.

Petition by S. C. Jackson and others for the sale of certain lands for division, naming Olivia Pollard and others as respondents. From the decree, respondents appeal. Reversed and remanded.

Appellees filed their petition in the probate court of Tallapoosa county, seeking a sale of certain lands therein described for partition among the tenants in common. An order of sale was made by said court, and the sale had in conformity therewith. Objections were filed by appellants to the confirmation of said sale, and from the decree rendered the present appeal is prosecuted.

Two of the appellants are married women, viz., Olivia Pollard and Ludie James. The other appellant, J. Percy Oliver, is guardian ad litem for three of the minors, parties respondent to said proceeding.

Motion was made to dismiss the appeal upon the ground that no security for costs had been given as to appellants Olivia Pollard and Ludie James, and upon the further ground that the decree was not such as would support an appeal. The cause was submitted upon the motion to dismiss and upon the merits.

D. W. Crawford, of Dadeville, for appellants.

There is nothing in the motion to dismiss the appeal. Section 2855, Code 1907; 74 South. 364; 201 Ala. 177, 77 South. 703; 56

Ala. 238; 192 Ala. 162, 68 South. 334; 191 Ala. 166, 67 South. 1000. The married women were not required to give security for costs, nor was the guardian ad litem. Sections 2866 and 2879, last section as amended by Acts 1915, p. 715. For failure to make jurisdictional allegation in the petition the order was void. Sections 5205 and 5222, Code 1907; 75 Ala. 213; 67 Ala. 603; 108 Ala. 605, 18 South. 604; 140 Ala. 449, 37 South. 201; 196 Ala. 151, 71 South. 996. The probate court did not have jurisdiction. Sections 5204 and 5222, Code 1907; 200 Ala. 612, 76 South. 970; 191 Ala. 166, 67 South. 1000.

James W. Strother, of Dadeville, for appellees.

Attention is called to the provision of sections 2642, 2855, 2856, Code 1907, as well as sections 5222 and 5226, Code 1907; also the cases reported in 67 Ala. 318; 81 Ala. 451, 1 South. 29; 108 Ala. 601, 18 South. 609; 108 Ala. 605, 18 South. 604, in support of the correctness of the decree.

GARDNER, J. (after stating the facts as above). [1-3] The motion to dismiss the appeal will be overruled. The decree from which the appeal is prosecuted confirmed the sale of lands in which the two married women who are here appellants were interested. They made affidavit in conformity with the statute. Acts 1915, p. 715, amendatory of section 2879, Code 1907. The guardian ad litem was authorized, under section 2866 of the Code of 1907, to prosecute the appeal without giving security for costs. The decree confirming the sale of the lands was a final decree, from which an appeal may be prosecuted, and on which appeal the entire proceedings may be reviewed. McQueen v. Grigsby, 152 Ala. 656, 44 South. 961; Hendrix v. Francis, 83 South. 66;[1] Pettit v. Gibson, 201 Ala. 177, 77 South. 703. Therefore none of the grounds for the dismissal of the appeal are well taken.

The petition sought a sale for division of three separate tracts of land, two of which are located in Tallapoosa county and the third is situated in Macon county, entirely separate and distinct from either of the other two, and not connected therewith in any manner.

[4] One of the grounds of objection to the confirmation of the sale was based upon the proposition that the court was without jurisdiction to order the sale of lands in Macon county, and this presents the first question for consideration here.

In proceedings of this character, the probate court is exercising limited statutory jurisdiction. Cruikshank v. Luttrell, 67 Ala. 318. Section 5222, Code of 1907, provides that property held by tenants in common may be decreed to be sold by the probate court of the county in which such property is situated, or, "in case of land lying partly in different counties, of either of such counties, when the same cannot be equitably divided or partitioned among them." The case of Turnipseed v. Fitzpatrick, 75 Ala. 297, would clearly indicate that the probate court was without jurisdiction in the instant case to sell the land lying in Macon county. In the later case of Matthews v. Matthews, 104 Ala. 303, 16 South. 91, the Turnipseed Case, supra, was overruled in so far as it held that a sale by the guardian of the real estate of his ward was void when had under an order of the court wherein the guardianship was pending, and when the lands were situated in another county. We construe the Matthews Case as approving the reasoning of the Turnipseed Case in so far as it would apply to ordinary cases involving the sale of lands for division among tenants in common.

In Hillens v. Brinsfield, 108 Ala. 605, 18 South. 604, it was held that the two systems, that of partition between tenants in common and that of a sale of land for division among them, as provided by our statute, are separate and distinct. Yet there is a relation between the two which may be considered in connection with the question here for determination, as both systems relate to property owned by tenants in common seeking a division thereof. Section 5203 provides for partition among tenants in common on application made "to the probate court of the county in which the property is situate," and section 5204 makes provision where "partition is sought of a tract of land lying partly in different counties"; this latter section being very similar to the language of section 5222 here under review. Section 5212, Code 1907, provides for a sale of land for division if, after a decree for partition and the appointment of commissioners, it shall appear that a just and equitable division of the land cannot be made. The reasoning of the court in Matthews v. Matthews, supra, clearly demonstrates that in the instant case the probate court of Tallapoosa county did not have jurisdiction to order the partition of the lands situated in Macon county; and when this is considered in connection with the above-noted provisions of section 5212, it may well be taken as indicating a legislative intent that there could be no sale for division where no partition in kind could be had, and therefore, under the circumstances here disclosed, there could be no sale among the tenants in common of the lands lying in Macon county by decree of the probate court of Tallapoosa county.

As previously stated, the tract of land in Macon county was entirely separate and apart and some distance from either of the tracts in Tallapoosa county, and we are of the opinion that the probate court of the latter county was without jurisdiction to or-

---

[1] 203 Ala. 342.

der a sale of this particular tract. We think that this suffices for a reversal of the entire decree, for it may appear that without the Macon county lands an equitable division can be had.

[5] The petition in the cause describes the lands and attempts to set out the names and residences of the owners thereof, together with their interests therein. However, the petition was amended more than once and some confusion appears as to the exact interest owned by each and, consequently, uncertainty as to the proper disposition of the funds. The petition was objectionable upon this ground had demurrer been offered thereto. Martin v. Cannon, 196 Ala. 151, 71 South. 996. Several minors are interested in the result of this proceeding, and the above-noted confusion as to the respective interests of the parties furnishes additional reason why the entire decree should be reversed.

We do not find any merit in the insistence that the petition is void upon its face, and that, therefore, the entire proceedings are invalid.

[6] We are cited by counsel for appellees to the case of Meadows v. Meadows, 81 Ala. 451, 1 South. 29, in support of the insistence that on objections to the confirmation of sale, only three questions can be considered—whether or not the sale was fairly conducted, the land sold for an amount not greatly less than its real value, and the purchase money sufficiently secured. The Meadows Case involved a sale of land by an administrator for the payment of the debts of an estate, and turned upon the statutory provision in relation thereto. That authority does not militate against the conclusion that the objection to the confirmation of this particular sale upon the ground that the court was without jurisdiction to order the sale of lands in Macon county was well taken, and could be very properly presented upon objections to confirm.

For the reasons indicated, the decree will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.