1 So.2d 33

**HINSON v. COOK et al.**

6 Div. 786.

Supreme Court of Alabama.

Feb. 27, 1941.

Rehearing Denied March 27, 1941.

72

Wright & Smith, of Fayette, for appellees.

Reuben H. Wright and Ward W. McFarland, both of Tuscaloosa, for appellant.

BOULDIN, Justice.

An appeal will not be dismissed, nor the judgment affirmed on certificate, upon the ground that the transcript was not filed within sixty days in an equity cause as per Code, § 6107, where the transcript was on file and the cause ready for submission on the merits at the first call of the division from which the appeal comes. Supreme Court Rule 41; Sloss-Sheffield Steel & Iron Co. v. Terry, 191 Ala. 476, 67 So. 678.

In the instant case the submission on motion to dismiss was at the same time as submission on the merits. The motion to dismiss is overruled, and the cause is considered on the merits.

A bill in equity to sell lands for division among tenants in common should disclose that the parties to the bill, complainant and respondent, are the sole owners of the lands, the interest of each of the parties therein, that the same cannot be equitably divided without a sale for that purpose, and should describe the lands sought to be sold with that certainty required in judicial sales of realty.

It is sufficient to aver that the lands cannot be equitably divided without a

sale thereof in the general terms of the statute. This is equivalent to saying they cannot be equitably divided in kind by any of the methods of partition available in a court of equity. The fact that the lands are in several parcels does not affect the rule of pleading. If by combination of parcels, or portions thereof, an equitable division may be made in kind, the averment of the bill is not sustained. The bill need not disclose the source of title, but the fact that the bill does so, namely, by descent or devise from father to children, does not necessitate further averments negativing the pendency of an administration or the need to subject the lands to payment of debts. Such matter would be defensive. Smith v. Witcher, 180 Ala. 102, 60 So. 391; McEvoy v. Leonard, 89 Ala. 455, 8 So. 40; Richardson et al. v. N. N. & T. J. Powell, 199 Ala. 275, 74 So. 364; Martin et al. v. Carroll, 235 Ala. 30, 177 So. 144; Foster et al. v. Ballentine et al., 126 Ala. 393, 28 So. 529.

The bill was not subject to demurrer assigned, save upon the ground of defect or uncertainty in the description of the property.

In proceedings of this sort, the lands should be described with such certainty that prospective purchasers may readily identify the several parcels; and that deeds thereto should not invite controversy because of indefinite description; and the sheriff could readily execute an order to put the purchaser in possession.

Deeds which may be upheld only on the broad ground that a description is certain which may be made certain, should not result from judicial sales, if probable controversy and expense may arise because of indefinite description.

When challenged by demurrer the bill should be amended, if need be, to render the description certain. Martin v. Carroll, supra; Hughes v. Allen et al., 229 Ala. 467, 158 So. 307; Carroll v. Fausett, 206 Ala. 526, 91 So. 73; Griffin v. Hall, 111 Ala. 601, 20 So. 485.

Eight parcels of land are separately described in this bill.

The second parcel: "Seven acres south side (a forty described by government numbers) south of street," does not disclose whether this seven acres includes all of the subdivision south of a specified street.

The fourth, sixth, seventh and eighth parcels all refer to the James Survey of the Town of Fayette. It is not averred the plat of this survey is of record, or other data disclosing where such survey may be found and may be relied upon as lasting evidence.

The demurrer, challenging the bill for indefinite description, should have been sustained.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.