24 So.2d 128

ARNDT v. SANDS.

6 Div. 339.

Supreme Court of Alabama.

Dec. 20, 1945.

W. Marvin Scott, of Cullman, for appellant.

Earney Bland, of Cullman, for appellee.

FOSTER, Justice.

This is an appeal from a decree sustaining a demurrer to a bill in equity. The decree recites that it is sustained because of a misjoinder of complainants, in that the bill as amended alleges that three of the complainants have no interest in the land sought to be sold for division between tenants in common.

It is apparent that parties are improperly joined in such a suit for that purpose, unless there is some equity in their favor which justifies it, and which is not here shown. Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084; Caheen v. First National Bank, 230 Ala. 105, 159 So. 815. The allegation that some of the parties have a deed from the heirs of William and Janie Arndt does not justify joining in the suit as parties those who may have sold their interest to complainant, Frank Arndt, or at least have no present interest, because they have a claim against respondent, another heir, for a large amount of lumber connected with the settlement of the estate of William and Janie Arndt.

The matter sought to be litigated in favor of some of the complainants is not germane to the sale of the land for division, and those complainants have no interest in the subject matter of the suit.

The bill is confusing in its allegations as to ownership. While it states that one of the complainants Frank Arndt owns a one-third and three-fourths of one-third, and complainant Joseph A. Moranz owns a one-fourth of one-third, and respondent Annie Franklin Sands owns a one-third, it also alleges that Mary Arndt Moranz owned said property jointly with Mary Anne Arndt and Annie Franklin Sands under a deed of October 28, 1938, from the heirs of William and Janie Arndt. It does not show how it passed out of Mary Arndt Moranz and Mary Anne Arndt. There should be no such conflicts in the allegations of the bill.

The demurrer was properly sustained.

Affirmed.

GARDNER, C. J., and THOMAS and LAWSON, JJ., concur.