32 So.2d 883

### FINLAY v. KENNEDY.
#### 4 Div. 453.

Supreme Court of Alabama.
Dec. 18, 1947.

Oliver W. Brantley, of Troy, and Lightfoot & Bricken, of Luverne, for appellant.

D. M. Powell and Powell & Hamilton, all of Greenville, for appellee.

 

STAKELY, Justice.

This is an appeal from a decree overruling the demurrer to a bill in equity. Emma Kennedy, as administratrix of the estate of John G. Kennedy, deceased filed her bill of complaint to sell for division 220 acres of land described in the bill by government numbers. The joint owners or tenants in common of the lands are the heirs at law of John G. Kennedy, deceased, who owned the lands in fee simple at the time of his death. The names of the heirs at law are set forth and the interest of each in the lands is shown. Some of the heirs at law are alleged to own an undivided one-tenth interest each and some an undivided one-twentieth each.

The bill alleges "that there is an outstanding indebtedness owing by the estate of said John G. Kennedy, deceased, amounting to to-wit, Five Hundred sixty-six ($566.00) Dollars secured by mortgage on a portion of said land held by J. W. Williams." J. W. Williams was also made a party respondent. Examination of the description of the lands shows that the lands are divided into several separate tracts.

It is further alleged that the lands cannot be equitably divided among the joint owners and tenants in common and that it is necessary to sell the lands for division among them. Basil Kennedy, one of the heirs of John G. Kennedy, deceased, and one of the joint owners and tenants in common filed his written consent for the bill to be filed for sale of the land for distribution of the proceeds among the joint owners and tenants in common.

The bill also alleges that the personal property of the estate is insufficient to pay the indebtedness owing to J. W. Williams and that out of the proceeds of the sale of the lands there should first be paid said mortgage indebtedness and also the cost and expense of administration. The bill prays for a sale for division among the joint owners and tenants in common and also for the purpose of paying the indebtedness owing to J. W. Williams and the costs and expense of administration.

Maude Finlay, the appellant, one of the heirs at law of John G. Kennedy, deceased, filed her separate demurrer. From a decree overruling her demurrer she brings this appeal.

■ There is nothing in the bill to show what part of the lands is embraced in the mortgage to J. W. Williams. Is the bill subject to demurrer in this respect? In passing on the question, we must deal with the allegations of the bill before us. Taking these allegations as true, as we must on demurrer, there are some things which show no need for alleging in the bill the lands embraced in the mortgage, while there are other matters which seem to us to require the allegation.

■ It affirmatively appears that the mortgage debt is an indebtedness owing by the estate of a deceased person and therefore all the lands of the decedent are subject to the payment of the debt and not just the lands embraced in the mortgage. Morgan v. Watkins, 214 Ala. 671, 108 So. 561. In this connection we take the allegations as showing a general claim against the estate since failure to comply with the statute of nonclaim must be pleaded defensively. Dirago v. Taylor, 227 Ala. 271, 150 So. 153; Kornegay et al. v. Mayer, Admr., 135 Ala. 141, 33 So. 36; Buchmann v. Turner, 221 Ala. 563, 130 So. 196; May, Adm'r v. Parham, Adm'r, 68 Ala. 253. While it is true that there may be other creditors, who will share in the proceeds of the sale to the detriment of the holder of the mortgage, the bill does not show other creditors or that the estate is insolvent. So far there appears to be no need to show the particular property embraced in the mortgage.

■ But we must proceed further. There is a line of cases in this state which hold that when the sale is in the probate court, only the equity of redemption can be sold. Denman v. Payne, 152 Ala. 342, 44 So. 635; McKenzie v. Matthews, 153 Ala. 437, 44 So. 958. Accordingly there, the property must be sold subject to the

36

mortgage. And it might be that the equity court would decide to sell the lands in this manner. For reasons which we shall amplify later, when the lands are sold subject to the mortgage, the court in its decree should ascertain and describe the lands embraced in the mortgage. This ascertainment should be based on the pleadings and proof.

But suppose the case is in equity, as it is in the case at bar, where the court has greater power to mould its decree so as to ascertain and fix the equities of the parties? 47 C.J. p. 482. J. W. Williams, the mortgagee, is a party to the cause. Under these circumstances the court of equity in the exercise of its ample powers and according to its own practice and procedure (Tillery v. Commercial Nat. Bank of Anniston, 241 Ala. 653, 4 So.2d 125) might in a proper case direct that the property be sold free of the mortgage and the mortgage be paid out of the purchase money, 50 C.J.S. Judicial Sales, § 40.

We think that whether the lands are sold subject to the mortgage or free of the mortgage, the court from the allegations and proof should ascertain the lands embraced in the mortgage. It is well established that good pleading requires that the interest of each joint owner or tenant in common be alleged so that the court can know how to distribute the proceeds of the sale. Martin v. Cannon, 196 Ala. 151, 71 So. 996; Hillens v. Brinsfield, 108 Ala. 605, 18 So. 604. The same reasoning applies where the interest of the mortgagee is involved. It could be important at the sale for the joint owner or tenant in common to see to it that the lands embraced in the mortgage bring a sufficient amount so as to relieve the remaining lands at least of any general claim on the part of the mortgagee. The joint owner or tenant in common is naturally interested in the amount which the sale will bring and it may be that the tracts of land will be sold separately. It is advisable for the court to ascertain the particular lands subject to the mortgage so as to clear up any uncertainty or doubt on the part of prospective purchasers and thus procure perhaps a better bid. In Vauss v. Thomas, 249 Ala. 449, 31 So.2d 502, this court pointed out that since the existence of the encumbrance might produce distrust or confusion, it is the duty of the court so far as it is within its power to frame its decree giving some direction with reference to the mortgage for the benefit of the purchaser and in this way try to remove what might be an obstacle to free bidding and a fair sale.

The case of Sandlin v. Anders, 210 Ala. 396, 98 So. 299, cited by the appellee, is not an authority against the views here stated. In this case this court pointed out that the owners are concerned with getting a full price and the purchaser with getting a clear title and accordingly that all questions of title should be settled, all clouds should be removed, all equities adjusted and, therefore, the proper parties include all persons claiming title to or encumbrances upon the lands or any part thereof. We think this supports what we have said and certainly does not show that it is not necessary to show upon what part of the lands the mortgage exists.

The demurrer should have been sustained.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.