45 So.2d 453

**CASE et al. v. PFAFFMAN.**

**I Div. 365.**

Supreme Court of Alabama.

April 6, 1950.

Theodore J. Lamar, of Citronelle, for appellants.

Robt. E. Hodnette, Jr., and Howell & Johnston, of Mobile, for appellee.

LAWSON, Justice.

This is an appeal from a decree sustaining demurrer to a bill in equity.

The bill seeks the sale of land for division of the proceeds upon an averment that it cannot be equitably divided in kind. But division in kind is prayed for in the event the court finds that such division may be accomplished equitably.

The complainants are A. B. Case, Eliza Walker Bagget, John Walker, James H. Williams and Orene Williams, by her father, James H. Williams, as her next friend. The respondent is George A. Pfaffman.

■ The decree sustaining the demurrer was general. A demurrer is a single entity and therefore if any ground of the demurrer going to the bill as a whole is well taken, the decree sustaining the demurrer must be affirmed. Cook v. Cook, 248 Ala. 206, 27 So.2d 255; Patton v. Robison, Ala.Sup., 44 So.2d 254.

Ground 7 of the amended demurrer takes the point that the averments of the bill as to the interests of the complainants in the suit property are "vague, uncertain and incapable of ascertainment."

We think that ground of demurrer was well taken and hold, therefore, that the demurrer was sustained correctly.

■■ In a bill of this kind good pleading requires that the interest of each alleged tenant in common should be set forth clearly. Such interest or ownership should not be left to conjecture or inference. Martin v. Cannon, 196 Ala. 151, 71 So. 996; Pollard v. Jackson, 204 Ala. 31, 85 So. 431. A bill of this kind containing confusing allegations as to ownership is subject to a demurrer taking the point. Arndt v. Sands, 247 Ala. 296, 24 So.2d 128.

Paragraph 4 of the original bill reads as follows: "The Complainant A. B. Case owns an undivided one half interest in and to the surface rights of said land, and he owns a *six six tenths* (sic) interest in and to all the oil, gas and minerals in and to said land, and, the Complainant, Eliza Walker Bagget, and John Walker, *each own an undivided one sixtenths* (sic) *interest* in and to all the oil, gas and other minerals in and to said land, and the Complainant, Orene Williams subject to the life estate of her father, James H. Williams, who is vested with an estate in a one fourth interest in said lands, owns an undivided one fourth interest in and to said real estate,

and the Respondent George A. Pfaffman owns an undivided one fourth interest in said real estate." (Emphasis supplied.)

The above-quoted paragraph of the original bill is confusing as to the extent and interest in the oil, gas and minerals claimed by complainants A. B. Case, Eliza Walker Bagget, and John Walker. As to the complainant Case, it is averred that he owns "a six six tenths" interest therein, and as to Eliza Walker Bagget and John Walker, it is averred that "they each own an undivided one sixtenths" interest. We think, however, that these are mistakes in spelling, which are self-correcting, and that the interest claimed by the complainant Case in the oil, gas and minerals is an undivided six sixteenths ($6/16$) and that complainants Eliza Walker Bagget and John Walker each claim an undivided one sixteenth ($1/16$) interest therein.

So construed, paragraph 4 of the original bill sufficiently shows the interest in the suit property claimed by the complainants and the respondent. It appears therefrom that the respondent Pfaffman owns an undivided $1/4$ interest in all of said property. The complainant James H. Williams owns a life estate in an undivided $1/4$ interest in all the property, with the complainant Orene Williams owning the remainder interest in the undivided $1/4$ interest in the property to which her father, James H. Williams, owns a life estate. Thus it appears that the respondent and the complainants James H. Williams and Orene Williams own an undivided $1/2$ interest in the property, which, of course, includes an $6/16$ undivided interest in the oil, gas and minerals. The complainant A. B. Case is alleged to own the other $1/2$ undivided interest in the surface of the land. He is alleged to own an undivided $6/16$ interest in the gas, oil and minerals, with the other $2/16$ interest in the gas, oil and minerals being owned by the complainants Eliza Walker Bagget and John Walker.

So, if the averments of paragraph 4 of the original bill were the only averments purporting to show the interests owned by the complainants in the suit property, we do not think the ground of the demurrer taking the point that such averments were too vague, uncertain and incapable of ascertainment would be well taken. For, it is well established that it is not necessary in a bill such as this to set out the source of title relied on by the tenants in common, nor describe the manner in which they or their ancestor acquired it. Foster v. Ballentine, 126 Ala. 393, 28 So. 529; Richardson v. Powell, 199 Ala. 275, 74 So. 364; Alexander v. Landers, 230 Ala. 167, 160 So. 342; Brewer v. Brewer, 250 Ala. 222, 34 So.2d 13.

But in paragraph 2 of the original bill the complainants attempt to set out the source of the title relied on by the parties to the suit and to describe the manner in which they acquired it. Paragraph 2 of the original bill is as follows: "Complainants would show that in the year to-wit; 1905, A. M. Walker and J. W. Walker, by mesne conveyances, from the Mobile and Ohio Railroad Company, Inc., became vested with the legal title to the lands herein after set out and described; that J. W. Walker, departed this life testate; that by and through his said will, which was duly probated, in the Probate Court of Mobile County, Alabama, the interest which he had in said lands were vested, in Elizabeth Walker, and A. M. Walker, share and share alike; that A. M. Walker departed this life to-wit: 1924, seased (sic) and possessed of three fourth interest in said lands; that he was survived by three children, namely: Loma Walker, Eliza Walker and John Walker; that Loma Walker married, Complainant, James H. Williams; that she departed this life intestate survived by her said husband, and one child namely, Orene Williams; that Eliza Walker married, and she is now Eliza Walker Bagget; that John Walker is still in life, and he is a Complainant, herein; that A. B. Case has acquired an interest in said lands from the Complainants Eliza Walker Bagget, and John Walker; that the Respondent, George A. Pfaffman has title to a one fourth interest, by mesne conveyances from Elizabeth Walker."

We will treat here the averments of paragraph 2 of the original bill, which is just above quoted, as being sufficient to

show that A. M. Walker and J. W. Walker each owned an undivided one-half interest in the property. J. W. Walker died testate, leaving his interest in the property to A. M. Walker and Elizabeth Walker, share and share alike. So, after the death of J. W. Walker, A. M. Walker owned an undivided ¾ interest in the suit property and Elizabeth Walker owned an undivided ¼ interest therein.

There is nothing in the averments of said paragraph 2 which in any way reflects upon the positive averments in paragraph 4 to the effect that the respondent Pfaffman is the owner of an undivided ¼ interest in the property, for it is averred in paragraph 2 that the respondent acquired his interest "by mesne conveyances from Elizabeth Walker."

But as to the positive averments of ownership of the interests of the complainants contained in paragraph 4, the averments of paragraph 2 create confusion and uncertainty.

It does appear that the complainants Eliza Walker Bagget and John Walker are children of A. M. Walker and that the complainants James H. Williams and Orene Williams are the husband and child of Loma Walker, a daughter of A. M. Walker, and that Loma died intestate. It also is averred that A. M. Walker at the time of his death owned an undivided ¾ interest in the property. But it is not averred that A. M. Walker died intestate or that the three children named were his sole heirs at law. Hence, it cannot be said that the averments of paragraph 2 are sufficient to show that upon the death of A. M. Walker, the children, Loma, Eliza and John, each became the owner of an undivided ¼ interest in the suit property.

The following excerpt from the opinion in the case of Anderson v. Byrd, 251 Ala. 257, 37 So.2d 115, 117, is much in point here: "* * * The original bill appears to be based on the theory that the complainants are the owners of the property or have an interest therein under the statute of descent and distribution. § 1, Title 16, Code of 1940. It is evident that any such claim must rest on inheritance by the complainants as the brothers and sisters of Earl Drumgoole, deceased. In addition to alleging that 'at the time of his death the said Earl Drumgoole was the owner of the property,' the bill contains the allegation, 'Complainants further allege that their brother, Earl Drumgoole, died during the year 1936, leaving surviving him his wife, Minnie B. Drumgoole, who later married Curry Walker, and no children, by their marriage.' But for aught that appears Earl Drumgoole may have left children by another marriage who would be entitled to the property under the statute. Furthermore there is nothing to show that Earl Drumgoole died intestate. For aught that appears he could have left a will leaving the property to a person or persons other than the complainants." 251 Ala. 259–260, 37 So.2d.

We think it clear that the positive averments of ownership contained in paragraph 4 were made on the theory that each of the children named in paragraph 2 became the owner of an undivided ¼ interest in the property upon the death of A. M. Walker, the complainant A. B. Case basing his claim of ownership under Eliza Walker Bagget and John Walker. But the original bill when construed as a whole does not show such ownership in the three named children. It is a well settled rule of equity pleading that a bill of complaint must show by clear and unambiguous averments the complainant's right, title, or interest in and to the subject matter of the suit. Bond v. McFarland, 217 Ala. 651, 117 So. 63.

In spite of the positive averments of ownership contained in paragraph 4, when the bill is construed as a whole, the interest or ownership of the complainants in the suit property is left to conjecture and inference.

Demurrer was sustained to the original bill and the complainants duly filed the following amendment:

"Now respectfully comes Complainants in the above entitled cause as permitted by the decree of this Court, dated February 4, 1949, sustaining Respondents demurrer as to the ninth ground hereof, and amends the original bill in this cause, by inserting

after the words 'A. B. Case has acquired an interest in said land from the Complainant Eliza Walker Baggett, and John Walker,' where said words appear in paragraph '2' of the said bill, and by adding and inserting after the said words, the following the words and figures 'Complainants show that the interest so acquired, by the said A. B. Case is evident by deed, recorded in Deed Book 449 N.S. at Page 408 record of deeds in the Office of the Judge of Probate of Mobile County, Alabama, a copy of said deed is hereto attached and made a part of this amended bill as fully as if here and now set out in full.'

"Complainant amends the prayer of their bill, by inserting the words 'and as amended' after the words 'demur to this bill', where they first appear in the prayer of said Original Bill and before the words 'within the time allowed by law', where they appear in the prayer of said Original Bill. .

Theodore J. Lamar
Solicitor for Complainants
148 South Main Street
Citronelle, Ala.
"Exhibit 'A'

"State of Alabama
"Mobile County
"Know All Men By These Presents, That we, Mrs. Sarah W. Bagget a widow, John Walker and wife Evelyn Walker in consideration of the sum of one dollar and other considerations to us in hand paid by A. B. Case the receipt whereof is hereby acknowledged, we do hereby grant, bargain, sell and convey to the said A. B. Case all our right, title, interest and claim, in or to the following described real estate (or lands), to-wit: in Mobile County, Alabama, North half (N ½) of the North half (N ½) of Section 34 Township 2 North, Range 3 West except 5 acres described as S ½ of SE ¼ of NE ¼ of NE ¼ Section 34 Township 3 North, Range 3 West, and South half (S ½) of the North half (N ½) of Section 34 Township 2 North, Range 3 West except 20 acres described as the E ½ of SE ¼ of NE ¼ Section 34 Township 2 North, Range 3 West subject to the following reservation the Grantors Reserve

for themselves, their heirs or assigns an undivided one half (½) Royalty interest in and to oil, gas and any and all other minerals in, on or under above described land. Our interest being the same interest our Father A. M. Walker had at the time of his death, grantors being his heirs, to have and to hold, to the said A. B. Case his heirs and assigns forever.

"Given under our hand and seal this 18th day of February 1948.

| John Walker | (Seal) |
|---|---|
| Evelyn Walker | (Seal) |
| Mrs. Sarah W. Baggett | (Seal) |

"State Of Alabama
Mobile County

"I, W. M. Wright, Notary Public in and for said County and State do hereby certify that Mrs. Sarah W. Baggett, John Walker and wife Evelyn Walker whose names are signed to the foregoing conveyance, and who are known to me, acknowledge before me, on this day, that being informed of the contents of the said conveyance they executed the same voluntarily on the day the same bears date.

"Given under my hand and official seal, this 18th day of February 1948.

W. M. Wright
(seal)"

Respondent's demurrer to the amended bill was sustained. It is that action of the trial court which is presented for review by this appeal.

But this amendment only increases the doubt and confusion as to the ownership of the suit property.

The grantors in the deed under which A. B. Case claims ownership are *Sarah* W. Bagget and John Walker and wife, Evelyn. It appears from the original bill that John Walker was a son of A. M. Walker. But there is no reference in the original bill to *Sarah* W. Bagget, although reference is made to *Eliza* W. Bagget as being one of the children. It appears from the deed that Sarah W. Bagget was a daughter of A. M. Walker, but it cannot be inferred that she and Eliza W. Bagget are one and the same person. Particularly is this so since it is nowhere averred that the three children named in the bill were the only children

who survived A. M. Walker. If Sarah W. Bagget and Eliza W. Bagget are not the same person, then certainly the children of A. M. Walker named in the original bill did not each inherit an undivided ¼ interest in the property, even if it be assumed that A. M. Walker died intestate.

Further confusion and uncertainty is caused by the following sentence contained in the deed from *Sarah* W. Bagget and John Walker and wife to A. B. Case: "Our interest being the *same interest* our Father A. M. Walker had at the time of his death, granters being his heirs, to have and to hold, to the said A. B. Case his heirs and assigns forever." (Emphasis supplied.) The original bill averred that A. M. Walker owned an undivided ¾ interest in the property at the time of his death. So the above-quoted provision of the deed is subject to the construction that Sarah W. Bagget and John Walker inherited an undivided ¾ interest in the property. If that is so, then Eliza W. Bagget and Loma Walker Williams could not each have an undivided ¼ interest therein. The above-quoted provision of the deed is also subject to the construction that Sarah W. Bagget and John Walker were the only children of A. M. Walker.

The averments of paragraphs 2 and 4 of the original bill, when construed together, indicate that the complainant A. B. Case claims to own an undivided ½ interest in the surface of the property and an undivided ⁹⁄₁₆ interest to the oil, gas and minerals, under conveyances from Eliza W. Bagget and John Walker. Yet the deed to Case from *Sarah* W. Bagget and John Walker conveys all of their interest in the property which the deed expresses to be the same which A. M. Walker owned at the time of his death, namely, an undivided ¾ interest, with the following reservation: " * * * the Grantors Reserve for themselves, their heirs or assigns an undivided one half (1/2) Royalty interest in and to oil, gas and any and all other minerals in, on or under above described land."

If *Sarah* W. Bagget be considered as being the same person as *Eliza* W. Bagget, ·there is sharp conflict between the aver-

ments of paragraph 4 of the bill as to the ownership of oil, gas and minerals.

In the recent case of McCall v. Nettles, 251 Ala. 349, 37 So.2d 635, 637, we had for determination the proper interpretation to be placed on a reservation clause very similar to that in the deed here under discussion. The reservation clause in the deeds in the McCall case, supra, read: "The grantors further except from this conveyance and reserve unto themselves, their heirs and assigns forever, fifty percentum (50%) of all rentals that may be derived from coal, oil, gas or other mineral leases in and to said other lands hereinabove described, and fifty percentum (50%) of all royalties, whether in kind or money, that may be derived therefrom."

The construction which we placed on such reservation clauses is found in the following excerpt from the opinion in McCall v. Nettles, supra:

"The clause of the deeds here in question does not except rentals or income derived from the use of the surface of the land. It only excepts fifty percent of the rentals and royalties derived from coal, oil, gas or other mineral leases.

"There are no facts alleged which affect a proper interpretation of the deeds. Unless there is something brought out in the further trial of this case which would change the result, we think that the deeds reserve an interest in the minerals themselves as they are imbedded in the ground before there is an effort to extract them." 251 Ala. 352, 37 So.2d 637.

If it could be inferred that *Sarah* W. Bagget and *Eliza* W. Bagget are the same person, perhaps the rule that ·an exhibit made the basis of a cause of action or defense, and contradicting the averments of the pleading of which it is made a part, will control such pleading would be applicable. Goltsman v. American Life Ins. Co., 248 Ala. 151, 26 So.2d 596, and cases cited. But as before pointed out, no such inference can be indulged in this case.

■ We forego further discussion. The amended bill in this case is utterly confusing and fails to show clearly the interest or ownership of the complainants in the suit

property. As before indicated, we are clear to the conclusion that the ground of demurrer taking that point was correctly sustained. There is no necessity to consider the other grounds of demurrer.

The decree of the trial court is affirmed.

Affirmed.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.