93 So.2d 408

John L. BOWDEN et al.

v.

Hortense TEAGUE et al.

I Div. 673.

Supreme Court of Alabama.

Feb. 21, 1957.

Rehearing Denied March 21, 1957.

Barnett, Bugg & Lee, Monroeville, and Walter B. Venters, Opelika, for appellants.

Edwin C. Page, Jr., Evergreen, Tolbert M. Brantley, Bay Minette, Frank G. Horne, Atmore, and Windell C. Owens and John M. Coxwell, Monroeville, for appellees.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Monroe County, in equity, overruling demurrer to a bill for sale of land for division.

The determinative question presented on this appeal is whether the bill as last amended sufficiently alleges the parties' interest in the land.

██ "A bill in equity to sell lands for division among tenants in common should disclose that the parties to the bill, complainant and respondent, *are the sole owners of the lands,* the interest of each of the parties therein, that the same cannot be equitably divided without a sale for that purpose, and should describe the lands sought to be sold with that certainty required in judicial sales of realty." [Emphasis supplied.] Hinson v. Cook, 241 Ala. 70, 72, 1 So.2d 33, 35.

In alleging such ownership "it is not necessary * * * to set out the source of title relied on by the tenants in common, nor describe the manner in which they or their ancestor acquired it." Case v. Pfaffman, 253 Ala. 511, 513, 45 So.2d 453, 455; Henslee v. Williams, 253 Ala. 363, 364, 44 So.2d 763; Ellis v. Stickney, 253 Ala. 86, 92, 42 So.2d 779; Brewer v. Brewer, 250 Ala. 222, 223, 34 So.2d 13; Hinson v. Cook, 241 Ala. 70, 72–73, 1 So.2d 33; Alexander v. Landers, 230 Ala. 167, 168, 160 So. 342; Vest v. Wilson, 223 Ala. 414, 415, 136 So. 730; Richardson v. N. N. & T. J. Powell, 199 Ala. 275, 277, 74 So. 364; Foster v. Ballentine, 126 Ala. 393, 395, 28 So. 529. However, if complainant does undertake to show the source of the parties' title or equitable interest he must allege facts which clearly show good title or a perfect equity. If he fails to do so the bill is insufficient and subject to demurrer even though a sufficient general averment of interest is contained in another paragraph of the bill. Case v. Pfaffman, supra; 68 C.J.S., Partition, § 91, p. 143, from which we quote the following apt statement of the rule:

"The fact that the pleading discloses the source or evidences of title does not of itself, render the pleading insufficient, and does not require further allegations negativing defensive mat-

ter with respect to such disclosure. [See Hinson v. Cook, supra; Henslee v. Williams, supra.] If, however, the pleading undertakes to state the facts on which the title rests and the statement omits some indispensable fact, the pleading must be held insufficient; and the fact that the pleading also contains a general statement of title does not cure the defect because, in determining the sufficiency of the pleading, both allegations must be construed together. * * *. [See Case v. Pfaffman, supra.]"

■ Prior to the last amendment of the bill the allegation of the parties' interest was that the complainants, "with the respondents, are the joint owners" of the lands, the bill also setting forth the interest of each alleged tenant in common. Under the rule of our cases this was sufficient. However, in the last amendment the complainants undertook to set out the parties' source of title or interest. Therefore, unless the facts alleged in the amendment show a title or perfect equity in the parties the bill is demurrable. Case v. Pfaffman, supra.

The portion of the amendment which attempts to set out the parties' source of title or interest is as follows:

"Now come the Complainants in this proceeding and further amend the Bill of Complaint filed herein by adding thereto Subdivision Three-a, as follows: That the Complainants and Respondents named herein are joint owners and tenants in common in the lands described in Subdivision Second, of the original Bill of Complaint as amended; all the Complainants and Respondents being such joint owners and tenants in common by reason of a Solemn Agreement and Contract entered into between the ancestors of the parties hereto, being by name: W. S. Bowden Sr., Lizzie Bowden, Casinda Lambert, E. A. Wiggins, D. R. Wiggins and R. L. Wiggins, on or about the 12th day of March, 1910, which said agreement is in word and figures as follows:

" 'The State of Alabama
Monroe County
" 'Know All Men By These Presents: That whereas, on the 12th day of March, 1910, we the undersigned joint owners of certain lands in Monroe County, Alabama, known as the Sarah Bowden tract of land and containing in the aggregate Nine Hundred Twenty (920) acres, have mutually agreed between themselves, and in order to better perfect title to said property above mentioned do hereby agree as follows:

" 'First:
" 'That none of the parties to this instrument shall commence any action in any court to make any conveyance of their undivided interest in said aforementioned property until, and after the expiration of thirty (30) years from the date of signing hereof.

" 'Second:
" 'That W. S. Bowden Sr., and his wife Lizzie Bowden, be authorized and empowered by this agreement to assess and pay taxes on said property, and that rents and other income from said property be used for the purpose of paying taxes duly assessed thereon.

" 'Third:
" 'That in the event of sale of any merchantable timber from said lands during the life of this agreement said W. S. Bowden Sr., and Lizzie Bowden, are hereby authorized to conduct said sale and use the proceeds thereof for the sole purpose of making repairs to buildings and fences on said lands and for their general upkeep from year to year.

" 'Witness our hands and seals this the 12th day of March, 1910.

| | |
|---|---|
| " 'W. S. Bowden Sr. | (Seal) |
| Casinda Lambert | (Seal) |
| Lizzie Bowden | (Seal) |
| E. A. Wiggins | (Seal) |
| D. R. Wiggins | (Seal) |
| R. L. Wiggins | (Seal) |

" 'Sworn to and subscribed before me this the 12th day of March, 1910.

" 'T. N. Ikner, J. P.
Monroe County, Alabama.'

"The Complainants further allege that after said agreement was entered into, the original executed copy was left in the possession of W. S. Bowden Sr., and W. S. Bowden Sr. and Lizzie Bowden remained and continued in possession of the lands in question in this lit*l*gation, paid the taxes thereon, did not convey their interest in said lands; used the usufruct therefrom to maintain the lands; keeping up the buildings and fences, all as provided by said agreement herein described; that said agreement provided that the relationship bewteen the parties concerning the lands as described, was to continue for a period of thirty years from the date thereof, and did so continue; that on the 13th day of March, 1940, and immediately thereafter, all of the original parties to said agreement were dead, except D. R. Wiggins, W. S. Bowden Sr. having died in the year 1929, and his wife, Lizzie Bowden, having died in the year 1938.

"Complainants further show unto your Honor that said agreement as set forth herein was entered into for the purpose of vesting title in the lands described in the Bill of Complaint as amended in W. S. Bowden Sr. and Lizzie Bowden, one-sixth to each, and in W. S. Bowden Sr. and Lizzie Bowden as Trustees for Casinda Lambert, D. R. Wiggins, R. L. Wiggins and E. A. Wiggins, one-sixth interest to each; that the said W. S. Bowden Sr. and Lizzie Bowden fully complied with said agreement as provided, and did not in any manner repudiate the same; and the said D. R. Wiggins, and the other parties to the agreement and their descendants, acquired no knowledge of any repudiation or disaffirmance of said agreement until it was repudiated by the Respondent, Walter Bowden, about the year 1941 or 1942, and after the thirty year period had terminated.

"Complainants further show unto your Honor that said agreement was entered into by the original parties for the purpose of creating and perfecting title to said lands as joint owners and tenants in common; that said agreement was entered into by reason of the fact that said parties acquired knowledge, as was the fact that the title to said lands was in Sarah Dean Bowden, the stepmother of W. S. Bowden Sr., the mother-in-law of Lizzie Bowden, the step-mother of Casinda Lambert, and the step-grandmother of D. R. Wiggins, E. A. Wiggins and R. L. Wiggins, the said Sarah Dean Bowden being the third wife of Lemuel Bowden, the grandfather of the three Wiggins' and the father of W. S. Bowden Sr. and Casinda Lambert, Lizzie Bowden being the wife of W. S. Bowden Sr.; that the said Sarah Dean Bowden had no children and after the death of Sarah Dean Bowden, in the Fall of 1909, her heirs at law, her husband, Lemuel Bowden having preceded her in death long since, were people by the name of Dean, her brothers, Sheard Dean being one of them, and who were at the death of Sarah Dean Bowden and at the date said agreement was entered into, the legal owners of all of said lands.

"Complainants allege that all of which state of the title of said lands appeared of record in the Office of the Judge of Probate of Monroe County, Alabama; that the parties to said agreement immediately prior to the date thereof acquired such knowledge of the state of the title and said agreement was entered into as alleged to perfect title in the six parties named equally and in the hope and expectations that the heirs of Sarah Dean Bowden would not learn of the state of

the title and assert their ownership and title and right to said lands.

"Complainants further show unto your Honor that Casinda Lambert, R. L. Wiggins, D. R. Wiggins, E. A. Wiggins and their descendants, and W. S. Bowden Sr., and Lizzie Bowden, recognized and fully complied with said agreement and each and every provision thereof and abided thereby, and Complainants hereby offer to do all Equity in the premises and by reason of the elapse of the years have acquired an interest in said lands as alleged; that the elapse of thirty years ripened their claim into a perfect Equity, the legal effect of said agreement being to constitute W. S. Bowden Sr. and Lizzie Bowden Trustees holding the legal title for the benefit of the other joint heirs and tenants in common and for themselves, the present descendants of W. S. Bowden Sr. and Lizzie Bowden standing in the shoes of their parents."

Appellees contend in brief that the facts alleged in the last amendment show that W. S. Bowden and wife, Lizzie Bowden, acquired legal title to the land by adverse possession, and that all of the other parties to the agreement or their heirs acquired a perfect equity on the theory that the agreement imposed a trust in their favor on any interest in the property which the Bowdens acquired. It is argued that the legal effect of the original agreement was to create a trust under which the Bowdens were to act as agents for the other parties to the agreement, and were to hold whatever interest they acquired in the property for the benefit of all; that therefore, when the title was acquired by adverse possession, the benefit inured to all the parties to the original agreement or their heirs. All of the parties to this suit are heirs of parties to the original agreement. Thus complainants insist they have shown a perfect

equity in themselves, and have sufficiently alleged the necessary interest of all the parties to the bill.

▮▮▮▮ We cannot agree. The conclusions which appellees have drawn are not justified by the facts which are alleged in the bill. Under any theory of the case it is obvious that the interest of each party to the bill is based upon the acquisition of title by adverse possession by the Bowdens. A reading of the bill as amended reveals that nowhere is it alleged that the title was actually acquired by adverse possession; nor do we believe it can be fairly inferred from the facts which are alleged. It is contended by appellees that the Bowdens' acquisition of title by adverse possession can be inferred from the allegation in the bill that the Bowdens "recognized and fully complied with said agreement." We do not think this argument is meritorious. "Matters essential to be pleaded cannot be left to vague inference as against a demurrer taking apt objection." Singer Sewing Machine Co. v. Teasley, 198 Ala. 673, 677, 73 So. 969, 971. It is our view that the bill is defective in failing to show the Bowdens' acquisition of title by adverse possession.

Appellees devote a considerable portion of their brief to the proposition that a trust was created by the agreement. We pretermit any discussion of this question, as it is moot unless we assume that title by adverse possession was acquired by the Bowdens.

Since the bill undertakes to show the source of the parties' interest and fails to do so, the demurrer should have been sustained.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.