137 So.2d 750

**Ester Hall ATKINS et al.**

v.

**Etner Hall WALLACE.**

6 Div. 746.

Supreme Court of Alabama.

Feb. 1, 1962.

Bill Fite, Hamilton, for appellants.

Rankin Fite and Robt. H. Thomas, Hamilton, for appellee.

GOODWYN, Justice.

This appeal is from a decree overruling appellants' demurrer to appellee's bill for a sale of land for division among alleged joint owners or tenants in common. The allegations of the bill, as amended, are as follows:

"1. Complainant Etner Hall Wallace and the defendants Elmer Hall, Velmer Hall, Jess Hall, and Ella Northington are each over the age of twenty-one years and are each resident citizens of Marion County, Alabama. The defendant Nettie M. Spears is a non-resident of the State of Alabama, residing in Weldon, Arkansas. The defendant Will Hall is a non-resident of the State of Alabama, residing at 4212 Mafitt Avenue, St. Louis, Missouri. The defendant Ester Hall Atkins is a non-resident of the State of Alabama, residing at 395 Johnson Avenue, Atlanta, Georgia. The defendant Eva Dell Etherton is a non-resident of the State of Alabama, residing at 1747 Middleton Street, Willow Run, Michigan. The defendant Paul Northington is a non-resident of the State of Alabama, whose last known address was 123 W. 134th Street, New York 30, N. Y. The defendants Jessie Northington and May Northington are non-residents of the State of Alabama, whose residences are unknown and cannot be ascertained after reasonable effort. The defendants, the unknown heirs of Lee Hall (also known as Leander Hall), deceased, and Indie Hall, deceased, are non-residents of the State of Alabama, whose names and residences are unknown and cannot be ascertained after reasonable effort. Each of said defendants is over the age of twenty-one years and all of said defendants are of sound mind.

"2. Complainant and the defendants are the joint owners or tenants in common of the following described real estate, located in Marion County, Alabama, to-wit:

"(a) [description of lands according to government survey, containing 205 acres, more or less, omitted.]

"(b) All the lands owned by Lee Hall (also known as Leander Hall), deceased, and Indie Hall, deceased, in Marion County, Alabama, at the time of their deaths.

"3. Complainant Etner Hall Wallace and the defendants Elmer Hall, Nettie M. Spears, and Velmer Hall each own an undivided 1⁄28 interest in said real estate; the defendants Jess Hall, Will Hall, Ester Hall Atkins, Eva Dell Etherton, and Ella Northington each own an undivided 1⁄7 interest in said real estate; the defendants Paul Northington, Jessie Northington, and May Northington each own an undivided 1⁄21 interest in said real estate.

So far as complainant knows and believes, these are all the owners of said real property. However, complainant alleges that there might be other heirs of Lee Hall (also known as Leander Hall), deceased, and Indie Hall, deceased, who are unknown to her and therefore she makes as parties defendant the unknown heirs of Lee Hall (also known as Leander Hall), de-

ceased, and Indie Hall, deceased, whose names will be added by amendment to this bill of complaint if and when ascertained, and if such unknown heirs are ascertained and discovered during the course of this proceeding the interests of the parties hereto in said real estate would be the subject of proper amendment to this bill of complaint.

"4. Said real property cannot be equitably divided or partitioned among the joint owners or tenants in common without a sale of the same."

One of the grounds of appellants' demurrer, insisted on here, is the following:

"10. The ownership of the property described in the bill of complaint is not set forth with sufficient certainty."

In this connection, it is to be noted that the sum of the alleged fractional interests of the several named parties equals the entire interest in the property. But the bill does not stop there. The allegations with respect to the interest which the heirs of Lee and Indie Hall might have cast a cloud on the allegations of ownership by the several named parties so as to render the bill confusing and uncertain as to the ownership of the property. As said in Case v. Pfaffman, 253 Ala. 511, 512, 45 So.2d 453, 454:

"In a bill of this kind good pleading requires that the interest of each alleged tenant in common should be set forth clearly. Such interest or ownership should not be left to conjecture or inference. Martin v. Cannon, 196 Ala. 151, 71 So. 996; Pollard v. Jackson, 204 Ala. 31, 85 So. 431. A bill of this kind containing confusing allegations as to ownership is subject to a demurrer taking the point. Arndt v. Sands, 247 Ala. 296, 24 So.2d 128."

From Finlay v. Kennedy, 250 Ala. 33, 36, 32 So.2d 883, 885, is the following:

"* * * It is well established that good pleading requires that the interest of each joint owner or tenant in common be alleged so that the court can know how to distribute the proceeds of the sale. Martin v. Cannon, 196 Ala. 151, 71 So. 996; Hillens v. Brinsfield, 108 Ala. 605, 18 So. 604. * * *"

See also: Bowden v. Teague, 266 Ala. 30, 31, 93 So.2d 408; Shaddix v. Wilson, 261 Ala. 191, 194, 73 So.2d 751; Brewer v. Brewer, 250 Ala. 222, 223, 34 So.2d 13; Holt v. Holt, 249 Ala. 215, 217, 30 So.2d 664; Vest v. Wilson, 223 Ala. 414, 415, 136 So. 730; Williams v. Anthony, 219 Ala. 98, 99, 121 So. 89.

How the unknown heirs of Lee and Indie Hall might figure in the ownership of the property is not made to appear. And we think the allegations concerning some interest which they might have in the property make the bill confusing and uncertain and, hence, demurrable. A pleading, when assailed upon demurrer, must be construed most strongly against the pleader. Martin v. Cannon, supra. And it has been held that "matters essential to be pleaded cannot be left to vague inference as against a demurrer taking apt objection." Bowden v. Teague, 266 Ala. 30, 34, 93 So.2d 408, supra; Singer Sewing Machine Co. v. Teasley, 198 Ala. 673, 677, 73 So. 969.

We observe that no question is raised concerning the sufficiency of the description of the land. See: Hinson v. Cook, 241 Ala. 70, 73, 1 So.2d 33; Welden v. Brown, 185 Ala. 171, 64 So. 430.

The decree overruling the demurrer is due to be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.